FILED BY ⎯⎯ /s/ ⎯⎯ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 MAY 24  PM 12: 10

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | |
|---|---|
| JOHN T. CRUNK, et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 04-2573 Ml/V |
| | ) |
| BDO SEIDMAN, L.L.P, et. al., | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS

Before the Court is the Motion to Stay the Proceedings of Defendants Deutsche Bank AG, Deutsche Bank Securities Inc., David Parse and Craig Brubaker, filed October 8, 2004. Plaintiffs responded in opposition on October 26, 2004. Defendants filed a reply on November 4, 2004. Plaintiffs filed supplemental memoranda in support of their opposition to Defendants' motion on January 5 and January 12, 2005. In addition to their memoranda, the parties have filed several advisory letters and briefs regarding orders of other Courts deciding similar issues.[1] For the following reasons, Defendants' motion to stay this case is GRANTED.

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on 5-24-05

---

[1] Defendants filed an advisory letter on April 12, 2005, to which Plaintiff responded with an advisory brief on April 20, 2005. Defendants filed another advisory letter on April 26, 2005. Plaintiffs filed another advisory brief on May 2, 2005, to which Defendants responded on May 20, 2005.

(89)

## I. BACKGROUND

The instant case is an action brought by two groups of investors who pursued investments under the advice of Defendants and claim to have been misled by the attorneys and accountants who advised them. Plaintiffs claim that Defendants defrauded them through the marketing and sale of tax advice, charged excessive and unconscionable fees, improperly split fees between lawyers and non-lawyers, and failed to disclose certain information relevant to potential tax amnesty.

The Account Agreement between Defendants and each Plaintiff includes an arbitration clause requiring all controversies between the parties to be arbitrated.[2] That clause further provides that neither party may seek to enforce the agreement to arbitrate during the pendency of a class action suit, unless the party instituting the suit is excluded from the class.[3]

---

[2] That provision reads, in relevant part:

> I agree to arbitrate with you any controversies which may arise, whether or not based on events occurring prior to the date of this agreement, including any controversy arising out of or relating to any account with you, to the construction, performance or breach of any agreement with you, or to transactions with you or through you, only before the New York Stock Exchange or the National Association of Securities Dealers Regulation, Inc., at my election.

(Defs.' Mot. to Stay the Proceedings, Exs. 1-10, ¶ 19.)

[3] That provision reads, in relevant part:

> Neither you nor I waive any right to seek equitable
> (continued...)

Defendants move the Court to stay all proceedings in this case pending the resolution of <u>Denney, et al. v. Jenkens & Gilchrist, et al.</u>, No. 03-CV-5460, a putative class action suit filed August 28, 2003, and currently pending in the Southern District of New York. Plaintiffs concede that they are members of the preliminarily certified class in <u>Jenkens</u> and that they have not opted out. (Pls.' Resp. to Defs.' Mot. to Stay the Proceedings at 6.)

Defendants contend that a stay is warranted because Plaintiffs' rights will either be adjudicated by the <u>Jenkens</u> class action, or, if that class is not certified or Plaintiffs choose to opt-out, then through arbitration pursuant to the parties' Account Agreement. Plaintiffs contend that the pendency of the <u>Jenkens</u> class action prevents Defendants from moving to arbitrate and that granting a stay in the instant case will unduly delay this proceeding and thereby prejudice their rights.

---

(...continued)
relief pending arbitration. No person shall bring a putative or certified class action to arbitration, nor seek to enforce any pre-dispute arbitration agreement against any person who has initiated in court a putative class action; or who is a member of a putative class who has not opted out of the class with respect to any claims encompassed by the putative class action until (1) the class certification is denied; or (2) the class is decertified; or (3) the customer is excluded from the class by the court. Such forbearance to enforce an agreement to arbitrate shall not constitute a waiver of any rights under this agreement except to the extent stated herein.
(Defs.' Mot. to Stay the Proceedings, Exs. 1-10, ¶ 19.)

3

## II. ANALYSIS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants ...." Ohio Envtl. Council v. U.S. Dist. Court, Southern Dist. of Ohio, Eastern Div., 565 F.2d 393, 396 (6th Cir. 1977) (quoting Landis v. North American Co., 299 U.S. 248, 254-55 (1936)). "A district court has discretion to determine whether a stay is necessary to avoid piecemeal, duplicative litigation and potentially conflicting results." Int'l Bhd. of Elec. Workers v. AT&T Network Sys., No. 88-3895, 879 F.2d 864, 1989 WL 78212 at *8 (6th Cir. July 17, 1989)(citing Colorado River Water Cons. Dist. v. United States, 424 U.S. 800, 817-20 (1976)). "In exercising this discretion, district courts are to be accorded wide latitude." Id. (citing Kerotest Mfg. Co. v. C-O-2 Fire Equip. Co., 342 U.S. 180, 183-84 (1952); Ohio Envt'l Council, 565 F.2d at 396). However, "a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." Ohio Envtl. Council, 565 F.2d at 396.

In determining whether a stay is appropriate, "[t]he most important consideration is the balance of hardships; the moving party has the burden of proving that it will suffer irreparable injury if the case moves forward, and that the non-moving party

4

will not be injured by a stay." Int'l Bhd. Of Elec. Workers, 1989 WL 78212 at *8 (citing Landis, 299 U.S. at 255; Ohio Envt'l Council, 565 F.2d at 396). "The district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources." Id. (citing Emerson Elec. Co. v. Black & Decker Mfg. Co., 606 F.2d 234 (8th Cir. 1979); Aetna State Bank v. Altheimer, 430 F.2d 750 (7th Cir. 1970)). "Relevant to this consideration is the question of whether a separate suit in another jurisdiction involves the same issues and parties and is likely to consider adequately all interests before the court considering a stay." Id.

Having reviewed the record and the parties' submissions, the Court finds that a stay of this case pending the outcome of the Jenkens case is appropriate. Based upon the parties' Account Agreement, Plaintiffs may be required to arbitrate non-class action claims against Defendants. Defendants would therefore suffer irreparable harm if Plaintiffs were permitted to avoid their agreement to arbitrate by filing non-class action claims while a class action to which they concede they are a party is pending in another court. Additionally, because Plaintiffs are concededly members of the Jenkens class and have not chosen to opt-out, their rights will not be prejudiced by the grant of a

stay.[4] Moreover, granting a stay in this case will further the interest in the economical use of judicial time and resources, since the Jenkens suit involves the same issues and parties as the instant case and is likely to adequately consider the interests before this Court.

Accordingly, Defendants' motion to stay this case is GRANTED and this case is STAYED until further notice from this court. The Court further sets a telephone conference for Wednesday, August 31, 2005, at 8:45 a.m. to determine the status of Jenkens case.

So ORDERED this 24 day of May, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiffs contend that their rights will be jeopardized if this case is stayed until the Jenkens case is resolved, because there is no indication as to how long the resolution of that case may take. However, Plaintiffs are free to opt out of the putative Jenkens class and have their dispute heard here or in another forum if they seek a speedier resolution of their claims. Whether or not opting out of the Jenkens class would subject their claims to arbitration would be properly decided at that time.

6

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 89 in case 2:04-CV-02573 was distributed by fax, mail, or direct printing on May 24, 2005 to the parties listed.

---

Benjamin Sokoly
DEWEY BALLANTINE LLP
1301 Ave. of the Americas
New York, NY 10019--609

Matthew M. Curley
BASS BERRY & SIMS PLC
315 Deaderick Street
Ste. 2700
Nashville, TN 37238--000

Lawrence M. Hill
LAW OFFICE OF DEWEY BALLANTINE LLP
1301 Ave. of the Americas
New York, NY 10019--609

W. Ralph Canada
SHORE DEARY, LLP
2515 McKinney Ave.
Ste. 1565
Dallas, TX 75201

David R. Deary
SHORE DEARY, LLP
2515 McKinney Ave.
Ste. 1565
Dallas, TX 75201

Joe R. Whatley
WHATLEY DRAKE, LLC
P.O. Box 10647
Birmingham, AL 35202--064

Richard A. Nessler
LAW OFFICE OF DEWEY BALLANTINE LLP
1301 Ave. of the Americas
New York, NY 10019--609

Seth C. Farber
LAW OFFICE OF DEWEY BALLANTINE LLP
1301 Ave. of the Americas
New York, NY 10019--609

Robert L. Moore
HEATON & MOORE, P.C.
100 N. Main St.
Ste. 3400
Memphis, TN 38103

Anamika Samanta
WILLKIE FARR & GALLAGHER
787 Seventh Avenue
New York, NY 10019--609

Jeven R. Sloan
SHORE DEARY, LLP
2515 McKinney Ave.
Ste. 1565
Dallas, TX 75201

Kevin O'Neal tBaskette
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL, PLLC
One Commerce Square
Ste. 2900
Memphis, TN 38103

Michael R. Young
WILLKIE FARR & GALLAGHER
787 Seventh Avenue
New York, NY 10019--609

David Wade
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Robert E. Orians
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Ernest Cory
CORY WATSON CROWDER & DEGARIS
2131 Magnolia Ave.
Birmingham, AL 35205

Stewart Clancy
SHORE DEARY, LLP
2515 McKinney Ave.
Ste. 1565
Dallas, TX 75201

Christine Chi
LAW OFFICE OF DEWEY BALLANTINE LLP
1301 Ave. of the Americas
New York, NY 10019--609

I. Bennett Capers
WILLKIE FARR & GALLAGHER, LLP
787 Seventh Avenue
New York, NY 10019--609

Shea Sisk Wellford
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Othni J. Lathram
WHATLEY DRAKE, LLC
P.O. Box 10647
Birmingham, AL 35202--064

Steven A. Riley
BOWEN RILEY WARNOCK & JACOBSON
1906 West End Ave.
Nashville, TN 37203

Kelly Librera
LAW OFFICE OF DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, NY 10019--609

Albert C. Harvey
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Michael L. Dagley
BASS BERRY & SIMS PLC
315 Deaderick Street
Ste. 2700
Nashville, TN 37238--000

Honorable Jon McCalla
US DISTRICT COURT